IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

PAUL N. LOPEZ,

        Plaintiff,

v.                                      No. Civ. 06-377 LH/RLP

ALLSTATE INDEMNITY COMPANY
and SUSAN M. CARY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On May 31, 2006, Plaintiff Paul Lopez ("Plaintiff") filed a Motion to Remand (Doc. No. 7). The Court, having reviewed the briefs and arguments of the parties, the relevant law, and otherwise being fully advised, finds that Plaintiff's motion should be granted.

**I.      BACKGROUND**

The following facts are either undisputed or are construed in the light most favorable to Plaintiff.

On July 3, 2001, Plaintiff was involved in a motor vehicle accident near Penasco, New Mexico. At the time of the accident, Plaintiff was in his 1998 Dodge pickup truck, model BR2500, which was insured by Defendant Allstate Indemnity Company ("Allstate"). Richard Lujan owned and drove the other vehicle involved in the accident. Nathan Lujan was a passenger in the other vehicle. Plaintiff sustained injuries and damages as a result of "the negligence, reckless conduct and unlawful acts of Richard Lujan and Nathan Lujan." Compl. ¶ 13.

At the time of the accident, Plaintiff had an insurance policy with Allstate ("the policy"), which included coverage for uninsured motorists and underinsured motorists. Plaintiff had

initially purchased the policy on October 28, 2000.  The vehicle driven by Richard Lujan was

underinsured or uninsured as defined by the policy.

Although Plaintiff made repeated written requests to Allstate to provide underinsured or

uninsured benefits under the policy arising from the accident, Allstate, through its adjuster Susan

M. Cary ("Cary"), failed and refused to do so.  In 2001, a related case was filed in the Eighth

Judicial District Court, No. 2001-376 CV, in which Plaintiff asserted claims against Richard and

Nathan Lujan for compensation for injuries and damages sustained by Plaintiff in the accident.  On

November 2, 2005, Plaintiff requested in writing that Allstate consent to be bound by any

judgment that might be rendered in the related case for purposes of determining the amount of

Plaintiff's damages in his underinsured and uninsured motorist claim against Allstate.  On

November 4, 2005, Allstate, through its adjuster Cary, responded by letter that it did not agree to

be bound by any judgment entered in the related case.  Allstate also informed Plaintiff in this letter

that it had referred the case to Steve Simone's law offices.

On March 24, 2006, Plaintiff filed an eight-count complaint in the Eighth Judicial District

Court of the State of New Mexico against Allstate and Cary.  Plaintiff asserted five counts against

only Defendant Allstate:  breach of contract (Count I); attorney fees and costs under NMSA

§ 39-2-1 (Count II); declaratory judgment as to the amount of coverage (Count III); insurance

bad faith (Count IV); and respondeat superior liability (Count VII).  Plaintiff alleged three counts

against both Defendants Allstate and Cary:  violations of the Unfair Insurance Practices Act

(Count V); violation of the Unfair Trade Practices Act (Count VI); and punitive damages (Count

VIII).

The Complaint alleges that Allstate was a foreign corporation engaging in business in New

Mexico and that Cary was a resident of New Mexico who "was an employee and agent of the Defendant Allstate as a staff claims adjuster."  Compl. ¶ 4.  The Complaint also asserts:  "The aforesaid actions and conduct of the Defendant Susan Cary were done in the course and scope of her employment with the Defendant Allstate."  *Id.* ¶ 56.

On March 23, 2006, Plaintiff's counsel, Edmund Pitts, sent a copy of the Complaint and a cover letter to David Frizzell, counsel for Allstate.  In the letter, Mr. Pitts stated that Mr. Frizzell indicated he would accept service, so Mr. Pitts did not issue summonses.  Mr. Pitts asked Mr. Frizzell to advise him if he needed to formally serve Defendants.  On April 26, 2006, Ripley Harwood, counsel for Defendants as to the underlying uninsured/underinsured motorist claim only, accepted service on behalf of Defendants "as to the underlying uninsured/underinsured motorist claim only."  Defs.' Resp. to Mot. to Remand (Doc. No. 10), Ex. A.

On May 3, 2006, Defendants Allstate and Cary, through Mr. Harwood, removed the case to this Court based on diversity jurisdiction.  In the Notice of Removal, Defendants assert that Plaintiff's Complaint fails to state a claim against Defendant Cary in her individual capacity, as at all times she was acting as an agent of Allstate, a foreign corporation.  On May 31, 2006, Plaintiff filed a Motion to Remand, arguing that the Notice of Removal was untimely and disputing Defendants' assertion that Defendant Cary was fraudulently joined.

## II.   DISCUSSION

### A.   Federal Jurisdiction and Diversity of Citizenship

The Constitution provides that the "judicial Power shall extend to . . . Controversies . . . between Citizens of different States."  U.S. Const. art. III, § 2.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

of $75,000, . . . and is between — citizens of different States." 28 U.S.C. § 1332(a). Diversity jurisdiction exists only when the citizenship of each plaintiff is diverse from the citizenship of each defendant. *See, e.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

**B.    Timeliness**

The procedure for removal is governed by 28 U.S.C. § 1446. Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The Supreme Court has concluded that a defendant's time to remove under § 1446(b) is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through

service or otherwise,' after and apart from service of the summons, but not by mere receipt of the

complaint unattended by any formal service, unless the defendant agreed to waive service. *See*

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 351 (1999).

Plaintiff argues that he served Defendants on March 23, 2006, and that Defendants' filing

of their Notice of Removal over thirty days later was thus untimely. Defendants, however,

contend that Allstate only accepted service on March 23, 2006, in its capacity as a defendant to

Plaintiff's bad faith suit.[1] Allstate asserts that it did not accept service in its capacity as Plaintiff's

underinsured motorist carrier until April 24, 2006, and thus the May 3, 2006 Notice of Removal

was timely filed.

Importantly, Defendants do not argue that the service on March 23, 2006, was inadequate

in its form and did not constitute proper service. Instead, Defendants concede that David Frizzell,

counsel for Allstate, accepted service on March 23, 2006. Defendants, however, contend that

they accepted service on March 23, 2006, only in their capacity as a defendant in Plaintiff's bad

faith lawsuit. Defendants assert that the time for removal did not begin to run until April 24,

2006, when Allstate accepted service in its capacity as Plaintiff's underinsured motorist carrier.

Defendants argue that "the measure for timely removal should be as against acceptance of service

of the legally cognizable claim, rather than as to claims which for various reasons, are at this point

---

[1]Defendants assert in their brief that "Allstate only accepted service on May 23, 2006 in its capacity as defendant to Plaintiff's bad faith lawsuit." Defs.' Resp. to Mot. to Remand (Doc. No. 10) at 4. The date May 23, 2006, is clearly a typographical error that should have referred to March 23, 2006, the date Plaintiff contends that Defendants' attorney and agent, David Frizzell, accepted service. Defendants filed their Notice of Removal on May 3, 2006, well before May 23, 2006. The Court therefore finds that Defendants intended the statement in their brief to read, "Allstate only accepted service on March 23, 2006 in its capacity as defendant to Plaintiff's bad faith lawsuit."

merely conjectural and premature." Defs.' Resp. to Mot. to Remand (Doc. No. 10) at 4.

The Court finds that Defendants' argument lacks merit. There is only one Defendant Allstate who must answer to all the claims alleged against it. When Allstate accepts service, by whichever means, the time for removal begins to run on the day Allstate accepts service, even though more than one attorney may have been assigned to represent it on different claims. Defendants have provided this Court with no authority to support their argument that a defendant can accept service in only one capacity and that the removal clock does not start running until the Defendant has been served in both capacities. The mere fact that an insurer has a dual role with respect to uninsured motorist coverage does not thereby mean that an insurer in an uninsured motorist suit functions in two capacities that require service on the insurer twice -- once in each capacity -- in order to effectuate service. The Court found no authority to support Defendants' argument. Nor did the Court find support for Defendants' assertion that the time for removal should start when a defendant accepts service for the legally cognizable claim. The rules do not contemplate courts first needing to determine the merits of each claim and as to what claim a defendant accepted service in order to determine when the time for removal began running. In sum, because Allstate accepted service in this case on March 23, 2006, Defendants have not met their burden of showing that removal of the case was timely. Accordingly, Plaintiff's motion to remand should be granted.

### C.   **Fraudulent Joinder**

In any event, even if the Court were to find that Defendants timely filed their Notice of Removal, the Court would still grant Plaintiff's motion to remand on the grounds that there is not complete diversity in this case. Defendants contend in their Notice of Removal that Plaintiff

cannot state a claim against Defendant Cary, a New Mexico resident, in her individual capacity.

Although Defendants, in an attempt to avoid the stringent burden placed upon them of proving

fraudulent joinder, assert that this argument is not based on the theory of fraudulent joinder, the

Court disagrees and finds that Defendants have clearly alleged that Plaintiff fraudulently joined

Defendant Cary.  The Court will thus analyze this issue according to the fraudulent joinder

framework.

Generally, whether a case is removable or not is determined by the original pleadings.  *See*

*Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).  The statement of a cause of

action against the resident defendant will normally be sufficient to prevent removal.  *Id.*

However, upon specific allegations of fraudulent joinder, the Court may pierce the pleadings and

consider the entire record and determine the basis of joinder by any means available.  *Id.*  The

joinder of a resident defendant against whom no cause of action is stated is patent sham, and

though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action

exists."  *Id.* (internal citations omitted).  A defendant must plead a claim of fraudulent joinder with

particularity and prove the claim with certainty.  *See Couch v. Astec Indus., Inc.*, 71 F.Supp.2d

1145, 1146-47 (D.N.M. 1999) (citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th

Cir. 1956)).  The burden of proof on the defendant claiming fraudulent joinder is significant.  *Id.*

at 1147.

The Tenth Circuit in *Montano v. Allstate Indemnity Co.* described a defendant's burden to

prove fraudulent joinder as follows:

> To prove their allegation of fraudulent joinder [the removing parties] must
> demonstrate that there is no possibility that [plaintiff] would be able to establish a
> cause of action against [the joined party] in state court.  In evaluating fraudulent

joinder claims, we must initially resolve all disputed questions of fact and all
ambiguities in the controlling law in favor of the non-moving party.  We are then
to determine whether that party has any possibility of recovery against the party
whose joinder is questioned.

No. 99-2225, 211 F.3d 1278, 2000 WL 525592, *1 (10th Cir. Apr. 14, 2000) (unpublished

opinion) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000)).  "This standard is

more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)."  *Id.*  There is no

need for the plaintiff to ultimately succeed on the claim against the resident defendant to defeat

removal jurisdiction so long as the plaintiff can demonstrate the possibility of the entitlement to

relief against the resident defendant.  *Couch*, 71 F. Supp. 2d at 1147.  If there is a possibility that

a state court would find that the plaintiff's complaint states a cause of action against any one of

the resident defendants, the federal court must find that the joinder was proper and remand the

case to the state court.  *Id.* (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th

Cir. 1998)).

Courts have identified three specific instances of fraudulent joinder:  (1) where a plaintiff

cannot possibly plead a cause of action against a non-diverse defendant; (2) where a plaintiff's

pleading of jurisdictional facts is outright fraudulent; or (3) where a plaintiff joins a diverse

defendant with a non-diverse defendant as to whom no joint, several, or alternative liability exists,

and where plaintiff's claim against the non-diverse defendant has no real connection to the claim

against the diverse defendant.  *Id.*  In this case, Defendants have not argued outright fraud in

Plaintiff's pleading of jurisdictional facts.  As to the third type of fraudulent joinder, the claims

against Defendant Cary plainly have a connection to the claims against Defendant Allstate, as the

claims against her arise from her actions made in the course and scope of her employment with

Defendant Allstate.  The Court thus need only look to the allegations of the Complaint to determine whether Plaintiff can possibly plead a cause of action against Defendant Cary.

Plaintiff's Complaint alleges three claims against Defendant Cary:  violations of the Unfair Insurance Practices Act (Count V); violation of the Unfair Trade Practices Act (Count VI); and punitive damages (Count VIII).  Defendants contend that all Defendant Cary's acts are imputed to Defendant Allstate under agency law, and thus Plaintiff does not have a claim against Defendant Cary individually.  Plaintiff asserts that Defendant Cary, a claims adjuster, can be held individually liable for her misrepresentations.  In support, Plaintiff cites to the Unfair Insurance Practices Act, which expressly states that its provisions apply to "insurers, . . . agents, . . . [and] adjusters." NMSA § 59A-16-1.

The Court agrees with Plaintiff and finds that there is at least a possibility that Plaintiff can succeed on his claim against Defendant Cary for violation of the Unfair Insurance Practices Act. NMSA § 59A-16-1 expressly states that its provisions apply to insurers *and* adjusters.  The Court found nothing in the statute to suggest that it precludes the imposition of liability on employees of insurance companies.  Although Allstate may also be liable for Defendant Cary's acts, there is nothing that precludes liability from being imposed against Defendant Cary individually.  *See Kreischer v. Armijo*, 118 N.M. 671, 673, 884 P.2d 827, 829 (Ct. App. 1994) (citing Restatement (Second) of Agency §§ 348, 350 (1958)) (agent may be held individually liable for his own tortious acts, whether or not he was acting for a disclosed principal).  *See also Stinson v. Berry*, 1997-NMCA-076, § 18, 123 N.M. 482, 943 P.2d 129 (directors engaging in tortious conduct may be held liable, even if they are acting within scope of corporate duties).  The Court therefore finds that there is at least a possibility under New Mexico law that Defendant Cary can be

individually liable for her alleged conduct in this lawsuit.  *See Dellaria & Carnes v. Farmers Ins. Exch.*, 2004-NMCA-132, ¶ 17, 136 N.M. 552, 102 P.3d 111 (stating that NMSA § 59A-16-20 applies to adjusters as well as insurers); *Vargas v. State Farm Fire and Casualty Co.*, No. Civ. 03-560 JB/LFG, Mem. Op. and Order (Doc. No. 37, filed Sept. 18, 2003) at 7-12 (denying insurer's motion to remand based on fraudulent joinder because plaintiff stated colorable claim under New Mexico Insurance Code against insurance adjuster).  Accordingly, Plaintiff's motion to remand should be granted for lack of complete diversity.

> ### D.   <u>Attorney's Fees and Costs</u>

In his motion to remand, Plaintiff also requests fees and costs under 28 U.S.C. § 1447(c). Section 1447(c) provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Absent unusual circumstances, fees should generally not be awarded when the removing party has an objectively reasonable basis for removal.  *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 708 (2005).  The Court finds that this case presents those unusual circumstances in which fees should be awarded.  Defendants' argument for removal was objectively unreasonable on both the issue of timeliness and fraudulent joinder.  Defendants offered no support for their timeliness argument and the plain text of NMSA § 59A-16-1 states that its provisions apply to insurance adjusters.  Therefore, Plaintiffs' request for fees and costs under 28 U.S.C. § 1447(c) should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. No. 7) is **GRANTED** and this action is hereby **REMANDED** to the Eighth Judicial District Court for the State of New Mexico.

**IT IS FURTHER ORDERED** that Plaintiffs' request for fees and costs pursuant to 28 U.S.C. § 1447(c) is **GRANTED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE