**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

PAUL N. LOPEZ,

       Plaintiff,

v.                                                                                       No. Civ. 06-377 BB/RLP

ALLSTATE INDEMNITY COMPANY
and SUSAN M. CARY,

       Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

On October 17, 2006, Plaintiff Paul Lopez ("Plaintiff") filed a Motion for Entry of

Attorney Fee Award (Doc. No. 19).  The Court, having reviewed the briefs and arguments of the

parties, the relevant law, and otherwise being fully advised, finds that Plaintiff's motion should be

granted in part and denied in part.

**I.**       **BACKGROUND**

On October 2, 2006, the Honorable C. LeRoy Hansen entered a Memorandum Opinion

and Order (Doc. No. 18) granting Plaintiff's motion to remand and Plaintiff's request for fees and

costs under 28 U.S.C. § 1447(c).  Judge Hansen found that the case presented those unusual

circumstances in which fees should be awarded because Defendants' argument for removal was

objectively unreasonable on both the issue of timeliness and fraudulent joinder.

On October 17, 2006, Plaintiff filed a Motion for Entry of Attorney Fee Award (Doc. No.

19) in which he requested $8,200.00 in attorney fees, plus New Mexico gross receipts tax in the

amount of $517.62, for a total award of $8,717.62.  *See* Pl.'s Mot. for Entry of Attorney Fee

Award (hereinafter "Plaintiff's Motion") at 1.  Plaintiff submitted the Affidavit of his counsel,

Edmund R. Pitts, who stated that the hours spent on the case "represent mandatory filings and pleadings in addition to the Motion to Remand caused by the removal of the case to Federal Court." Pl.'s Mot., Aff. of Edmund R. Pitts ¶¶ 1-2. Plaintiff also attached Mr. Pitts' time records, which indicate that he spent 41 hours on the case.[1] Plaintiff requests an hourly rate of $200.00 per hour for Mr. Pitts' time. Pl.'s Mot. at 1.

In response, Defendants Allstate Indemnity Company and Susan M. Cary ("Defendants") contend that Plaintiff's request for the fee award includes some time not incurred as a result of removal and that would have been incurred in the normal course of the case regardless of venue. *See* Defs.' Resp. to Mot. for Entry of Attorney Fee Award (Doc. No. 20) (hereinafter "Defendants' Response") at 1-2. Defendants also argue that Plaintiff's $200.00 hourly rate is unreasonable and should be reduced to the $150.00 to $170.00 per hour range. *Id.* at 2-3. Defendants assert that Plaintiff should receive no more than $3,000.00 to $3,500.00 in reasonable fees related to removal. *Id.* at 3.

Finally, Plaintiff argues in his reply that all the requested expenses were incurred as a result of removal and that he is also entitled to reimbursement for three additional hours expended in reviewing Defendants' Response and in drafting a reply. Plaintiff therefore now asks for a total amount of $9,355.49 for attorney fees and gross receipts taxes.

---

[1] In his Affidavit, Mr. Pitts states that the total time he expended to date on the case was 39 hours. Pl.'s Mot., Aff. of Edmund R. Pitts ¶ 2. However, the time records and the Affidavit of Anthony G. Lopez indicate that Plaintiff is seeking compensation for 41 hours of work expended on the case. Moreover, Plaintiff requests an award in the amount of $8,200.00, which corresponds with 41 hours of work at $200.00 per hour. The Court thus finds that Plaintiff is actually seeking in his motion to recover fees for 41 hours of work expended by Mr. Pitts.

## II.    DISCUSSION

The Court awarded Plaintiff attorney fees and costs under 28 U.S.C. § 1447(c).  Section

1447(c) provides that an order remanding a removed case to state court "may require payment of

just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

28 U.S.C. § 1447(c).  The fee applicant bears the burden of establishing his entitlement to the

award.  *See Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998).  The

determination of just costs and fees is within the district court's discretion.  *Suder v. Blue Circle,*

*Inc.*, 116 F.3d 1351, 1353 (10th Cir. 1997).  The district court must make an independent inquiry

into the reasonableness of the fees requested.  *Huffman v. Saul Holdings Ltd. Partnership*, 262

F.3d 1128, 1134 (10th Cir. 2001).  To be compensable, attorney fees "must be actually 'incurred,'

that is, they must reflect efforts expended to resist removal."  *Id.* at 1135.  Ordinary litigation

expenses that would have been incurred if the case remained in state court are not recoverable

because such expenses are not incurred "as a result of removal."  *Avitts v. Amoco Prod. Co.*, 111

F.3d 30, 32 (5th Cir. 1997).  Similarly, unreasonably high fees are not recoverable.  *Huffman*, 262

F.3d at 1135.

After reviewing the record, the Court finds that Plaintiff is not entitled to the entirety of

the award requested because not all the requested fees were incurred to resist removal.  Many of

the claimed fees relate to discovery and other ordinary litigation matters that would have been

required regardless of removal, to wit:  0.5 hours for reviewing Defendants' Answer and

affirmative defenses; 0.25 hours reviewing the initial scheduling order and calendar dates; 1.5

hours reviewing and retrieving discovery; 1.5 total hours reviewing Defendants' initial disclosures;

2.5 hours reviewing and drafting Plaintiff's initial disclosures; and 11.75 total hours reviewing,

3

researching, and responding to Defendants' Pre-Answer Motion to Dismiss, Sever, Bifurcate and

Stay Contractual from Extracontractual Claims (Doc. No. 2) and reviewing Defendants' reply in

support of that motion.  The Court finds that none of these fees were incurred in an effort to resist

removal or as a result of removal, and thus, are not recoverable.

The Court will compensate Plaintiff for the reasonable fees directly related to the

preparation of pleadings addressing the improper removal and remand of this cause, and for work

that would not have been necessary had the case remained in state court.  However, the Court

finds that some of the time spent resisting removal was unreasonable.  The Court finds that the

0.25 hours expended calling the clerk on July 25, 2006, regarding the status of the motion to

remand was unnecessary given that the briefing had been completed on the motion only a few

weeks prior to the call.  The 0.25 hours Mr. Pitts expended sending a letter to the Court notifying

it of the opinion by Judge Armijo was similarly unnecessary and unreasonable because the opinion

shed little, if any, additional light on the removal issues in this case.

The Court does not find billing in quarter-hour increments to be unreasonable per se.

Accordingly, the Court will award attorney fees for the following hours of work that Mr. Pitts'

time records indicate that he reasonably spent litigating the motion to remand and attending to the

requirements of a case filed in federal court:

| Date | Event | Hours |
|---|---|---|
| 05-07-06 | Review of Defendants' Notice of Filing of Removal and Notice of Removal (5 pages with legal authorities), research law cited by Defendants | 2.5 |
| 05-28-06 | Draft Motion to Remand (4 pages and attachments) | 3.0 |
| 05-29-06 | Draft Brief in Support of Motion to Remand (5 pages) | 6.0 |

| 05-30-06 | Letter to clerk's office filing Motion to Remand and Brief | 0.25 |
| 06-15-06 | Review of Defendants' Response to Motion to Remand, including review of cases cited (4 pages) | 2.5 |
| 06-19-06 | Draft first draft of IPTR | 1.5 |
| 06-30-06 | Draft second draft of IPTR | 0.5 |
| 07-06-06 | Review and confer with counsel re:  IPTR, Provisional Discovery Plan | 1.5 |
| 07-18-06 | Final review of same | 0.25 |
| 07-26-06 | Prepare for and attend Rule 16 conference | 1.5 |
| 08-11-06 | Review final IPTR | 0.5 |
| 07-03-06 | Draft Reply Brief in Support of Motion to Remand (3 pages) | 1.5 |
| 07-05-06 | Letter to clerk's office forwarding motion package for filing | 0.25 |
| 10-03-06 | Receipt and review of Memorandum Opinion and Order of Judge Hansen | 0.5 |
| | TOTAL | 22.25 |

The Court finds that the amounts of time expended, as reflected in the table, were reasonable and necessary.

Finally, Plaintiff requests reimbursement for four hours expended by Mr. Pitts in drafting the motion for an award of attorney fees, reviewing Defendants' Response, and drafting a reply. Time expended by counsel in preparing and presenting a fee application may be awarded as part of an attorney fee award. *See Case*, 157 F.3d at 1254 (holding that award of attorney fees under 42 U.S.C. § 1988 may include compensation for work performed in preparing and presenting fee application); *L.G. Barcus & Sons, Inc. v. Faherty*, 2005 WL 1490466, *2 (D. Kan. June 23, 2005) (unpublished opinion) (awarding fees under 28 U.S.C. § 1447(c) for time spent preparing

fee application).  Defendants do not challenge Plaintiff's entitlement to reimbursement for time

spent litigating the motion for attorney fees.  Rather, Defendants argue that spending one hour

drafting a two-page motion for entry of attorney fees is unreasonable.  *See* Defs.' Resp., Aff. of

Lawrence H. Hill ¶ 8.  Defendants, however, fail to take into account the time spent in preparing

two affidavits in support of the motion.  One hour taken to draft a motion for attorney fees and to

prepare two affidavits in support is not unreasonable.  Plaintiff also requests reimbursement for

one hour expended to review Defendants' Response and two hours to draft a reply brief.  The

Court finds that Plaintiff should only be reimbursed for one hour in drafting the reply.  Plaintiff is

thus entitled to compensation for a total of three hours expended litigating the motion for entry of

the attorney fee award.

        In sum, the Court finds that counsel for Plaintiff reasonably expended a total of 25.25

hours in as a result of the removal and to litigate the application for the fee award.  The Court

must now determine the reasonable hourly rate to which Mr. Pitts is entitled.

        A reasonable hourly rate must comport with rates prevailing in the community for services

of attorneys of comparable skill and experience practicing in the area.  *Case*, 157 F.3d at 1256.

The court may rely on its own knowledge of prevailing market rates as well as other indicia of a

reasonable market rate.  *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493

(10th Cir. 1994).  In this case, Plaintiff provided the Affidavit of Anthony G. Lopez, an

experienced attorney practicing in Taos, New Mexico, in which he stated that an hourly rate of

$200.00 to $250.00 is routinely charged by experienced attorneys in northern New Mexico for

work in civil litigation.  *See* Pl.'s Mot., Ex. 2 ¶¶ 1, 4.  The requested $200.00 hourly rate is at the

low end of this range.  The Court routinely addresses issues regarding the reasonableness of

attorney fees and is familiar with prevailing rates in this legal community.  The Court finds that the

$200.00 hourly rate for Mr. Pitts is reasonable given his 29 years of experience as a practicing

attorney.

The Court thus calculates Plaintiff's reasonable attorney fee award as follows:

Subtotal                                        =          $5,050.00 (25.25 hours x $200 per hour)

+ Gross Receipts Tax (6.3125%)[2]    =          $318.78

Total Attorney Fees and Taxes        =          $5,368.78


**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Attorney Fee

Award (Doc. No. 19) is **GRANTED IN PART**, and Plaintiff is awarded a total of **$5,368.78**

under 28 U.S.C. § 1447(c).


BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE


[2]Defendants do not contest the propriety of including compensation for a gross receipts tax of 6.3125%.